UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUDITH COLBY<br><br>    Plaintiff<br><br>vs.<br><br>WOLPOFF & ABRAMSON, L.L.P.<br>CENTURION CAPITAL CORPORATION<br>and JOHN DOE 1-10, XYZ, INC 1-10,<br>ten names being fictitious and unknown to the<br>Plaintiffs, the person or parties intended being the<br>persons or parties, if any<br><br>    Defendants | )<br>)<br>)<br>)<br>)  Civil Action No.:<br>)  08-CV-0358 (CB)<br>)<br>)  NOTICE OF MOTION<br>)<br>)<br>) |

PLEASE TAKE NOTICE that upon the annexed affidavit of Thomas A. Leghorn, dated

the 21st day of March, 2008, the exhibits annexed thereto, and the accompanying memorandum

of law, the undersigned shall move before the Hon. Charles Brieant, at the United States

Courthouse located at 300 Quarropas St., Room 275 White Plains, New York 10601, on April

25, 2008 for an Order: (a) dismissing the plaintiff's Complaint pursuant to Fed. R. Civ. P.

12(b)(6); and (b) granting such other and further relief that the Court deems necessary and

proper.

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN &
DICKER LLP

By: _____

Thomas A. Leghorn
Jay A. Wechsler
Attorneys for Defendants
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000
File No. 06666.00012

TO:

Shmuel Klein, Esq.
Attorney for Plaintiff
JUDITH COLBY
Law Office of Shmuel Klein, PC
268 Route 59
Spring Valley, New York 10977
(845) 425-2510

1929925.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JUDITH COLBY,                                            )
                                                        )    Index No.: 08 CV 0358 (CB)
                          Plaintiff,                    )
                                                        )    **AFFIDAVIT IN SUPPORT OF**
          vs.                                           )    **DEFENDANTS' MOTION TO**
                                                        )    **DISMISS**
WOLPOFF & ABRAMSON, L.L.P.                              )
CENTURION CAPITAL CORPORATION                           )
and JOHN DOE 1-10, XYZ, INC 1-10,                       )
ten names being fictitious and unknown to the           )
Plaintiffs, the person or parties intended being the
persons or parties, if any

---

                          Defendants.
---

STATE OF NEW YORK          )
                           )ss.:
COUNTY OF WESTCHESTER      )

          THOMAS A. LEGHORN, being duly sworn, states:

          1.       I am a member of the law firm of WILSON, ELSER, MOSKOWITZ,

EDELMAN & DICKER LLP, attorneys for the defendants.  As such, I am fully familiar with all

the facts and proceedings as they pertain to this motion.  This affidavit is submitted in support of

defendants' Motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

          2.       Attached to this affidavit as Exhibit "1" is the Proof of Service of a complaint

filed by Centurion Capital Corporation against Judith Colby in Supreme Court, Orange County.

          3.       Attached to this affidavit as Exhibit "2" is the Affirmation of Regularity and

Default Judgment filed by Centurion Capital Corporation against Judith Colby in Supreme

Court, Orange County on December 15, 2006.

4.    Attached to this affidavit as Exhibit "3" is the Satisfaction of Judgment against Judith Colby in the Supreme Court, Orange County dated January 22, 2008.

5.    Attached to this affidavit as Exhibit "4" is the Plaintiff's Complaint dated December 19, 2007 and filed on January 15, 2008.


**WHEREFORE**, it is respectfully requested that this Court grant defendants' motion to dismiss pursuant to Federal Rule 12(b)(6) dismissing Plaintiff's Complaint as the Plaintiff's allegations fail to state a cause of action for which relief may be granted, together with such other and further relief as this Court shall deem proper.

THOMAS A. LEGHORN

Sworn to before me on this 21st
day of March, 2008

NOTARY PUBLIC

NICOLE INOCENCIO
Notary Public, State of New York
No. 4995148
Qualified in Westchester County
Commission Expires 04/20/ 20 10

1929000.1

Form 23 - DOOR WITH MILITARY CONSUMER CREDIT
**WOLPOFF & ABRAMSON LLP**                                    **ATTN:**
SUPREME COURT    ORANGE    COUNTY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Index No. **5629/06**

CENTURION CAPITAL CORPORATION           plaintiff
A/O ETC                                                 Date Filed . . . . . . . . . . . . .
                    - against -
                                                        Office No. **152621738**

JUDITH COLBY                             defendant

                                                        Court Date:   /   /
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    STATE OF NEW YORK, COUNTY OF NEW YORK              :SS:
**ELIZABETH BENNET**      being duly sworn, deposes and says: I am over 18 years of age,
not a party to this action, and reside in the State of New York. That on the
19th day of August, 2006   04:20 PM        **at**
    **15 VANDERVOORT ST PH**
    **FLORIDA, NY 10921-1117**
deponent attempted to make personal service of a true copy of the
    **SUMMONS AND COMPLAINT**
in the above entitled action upon **JUDITH COLBY**
  the **DEFENDANT** therein named.
Deponent made prior diligent efforts to effect personal service upon the said **DEFENDANT**
at the above address, to wit: 08/10/2006 07:54 AM   08/14/2006 08:11 PM      /   /
Deponent spoke to **"JOHN" MILLER NEIGHBOR 8 VANDERVOORT ST. FLORIDA, NY**
**WHO REFUSED FIRST NAME** who stated to deponent that said
**DEFENDANT lived there, and had no knowledge of DEFENDANT place of employment or work habits.**
That personal service could not be made with due diligence upon the said **DEFENDANT**
and therefore deponent on the **19th** day of **August, 2006** at **04:20** PM at the above address,
served a true copy of the aforementioned document(s) herein upon the said **DEFENDANT**
**JUDITH COLBY**
by affixing the same to the door of **DEFENDANT said residence**
since admittance could not be obtained upon reasonable application or a person of suitable
age and discretion found who would receive same, true copy thereof.
On **08/22/2006** I deposited in the United States mail another true copy of the aforementioned
documents properly enclosed and sealed in a post-paid wrapper addressed to the said
**DEFENDANT** at the above address.
That address being **last known residence, usual place of abode of the DEFENDANT.**
Copy mailed 1st class mail marked personal & confidential not indicating on the outside thereof, by return address or otherwise
that said notice is from an attorney or concerns action against the person to be served. That at the time of service as aforesaid,
I asked person spoken to whether the **DEFENDANT** was in the military service, or dependent on anyone in the military service
of the State of New York or the United States, and received a negative reply.
    DEPONENT further states that the summons served upon the defendant(s) had displayed
and set forth on its face the words and added legend or caveat required by sub. (e)
(f) and (h) of section 2900:2 of the Civil Court Rules

Sworn to before me this
22nd  day of  August, 2006

_____                    _____
KENNETH WISSNER                              ELIZABETH BENNET
Notary Public, State of New York             AETNA  CENTRAL  JUDICIAL  SERVICES
  No.01WI4714130                             225 BROADWAY, SUITE 1802
Qualified in NEW YORK COUNTY                 NEW YORK, NY, 10007
Commission Expires 03/30/2010                Reference No: 6WA5968051

**EXHIBIT**

1

SUPREME COURT OF THE COUNTY OF ORANGE
STATE OF NEW YORK

Index # 5629-06

**COPY**

CENTURION CAPITAL CORPORATION
ASSIGNEE OF FCNB/NEWPORT NEWS
700 KING FARM BLVD
SUITE 503
ROCKVILLE, MD 20850
Plaintiff

V.

JUDITH COLBY
15 VANDERVOORT ST
FLORIDA, NY 10921-1117
Defendant(s)

ORANGE COUNTY
CLERK'S OFFICE

**DEC 15 2006**

ORIGINAL FILED

## AFFIRMATION OF REGULARITY AND DEFAULT JUDGMENT

The undersigned, attorney-at-law of the State of New York and attorney of record for the Plaintiff(s) herein affirms under penalties of perjury:

1. The summons and verified complaint in this action was:
   ( X ) served by substitute service on the Defendant, JUDITH COLBY, on August 19, 2006 with the affidavit of service filed with the clerk on August 30, 2006.
2. The additional notice requirements as set forth in CPLR 3215(g) (3) have been complied with.
3. The time of the defendant(s) to appear or answer has expired and the defendant(s) has not appeared or answered herein.
4. The sums sought and the disbursements set forth below are true and accurate. The disbursements have been or will be made accurate. The disbursements have been or will necessarily be made or incurred herein and are reasonable in amount.

| | | | |
|---|---|---|---|
| AMOUNT CLAIMED IN COMPLAINT $1,788.88 | | | $1,788.88 |
| INTEREST at 9% from December 9, 2005 to November 9, 2006 | | | $147.77 |
| SUBTOTAL | | | $1,936.65 |
| COSTS BY STATUTE | | $200.00 | |
| INDEX NUMBER FEE | | $210.00 | |
| TRANSCRIPTS AND DOCKETING | | $15.00 | |
| SERVICE OF SUMMONS & COMPLAINT | | $50.00 | |
| POSTAGE | | $7.00 | |
| JUDGMENT FILING | | $45.00 | |
| SHERIFF'S FEES ON EXECUTION | | $50.00 | |
| TOTAL COSTS | | $577.00 | |
| TOTAL JUDGMENT AMOUNT | | | $2,513.65 |

COSTS TAXED @ $ 577.00
Patricia Coakley
ACTING DEPUTY COUNTY CLERK

5. Wherefore, it is required that judgment be entered accordingly.

Dated: November 9, 2006

/S/

Allen D. Friedman, Esq./Patricia A. Blair, Esq.
Christa L. Muratore, Esq./Maria J. Reed, Esq.
Sandra H. Chung, Esq./Fatimat O. Balogun, Esq.

Now on motion of Wolpoff & Abramson, L.L.P. an attorney for plaintiff, 300 Canal View Blvd., 3rd Floor, Rochester, New York, it is adjudged that Plaintiff, CENTURION CAPITAL CORPORATION ASSIGNEE OF FCNB/NEWPORT NEWS at 700 KING FARM BLVD, SUITE 503, ROCKVILLE, MD 20850 do recover of the defendant(s) JUDITH COLBY, herein residing at 15 VANDERVOORT ST, FLORIDA, NY 10921-1117, the sum of $1,788.88 with interest of $147.77, together with costs and disbursements of $577.00, amounting in all to the sum of $2,513.65 and that the Plaintiff have execution therefore.
Patricia Coakley
ACTING DEPUTY COUNTY CLERK

W&A# 152621738    Entered: 12-15-06

**EXHIBIT**

2

**SUPREME COURT OF THE COUNTY OF ORANGE
STATE OF NEW YORK**                                  Index no. 5629-06

CENTURION CAPITAL CORPORATION
ASSIGNEE OF FCNB/NEWPORT NEWS
700 KING FARM BLVD.
SUITE 503
ROCKVILLE, MD 20850

## *COPY*

Plaintiff,

SATISFACTION OF JUDGMENT

-against-

ORANGE COUNTY
CLERK'S OFFICE

JUDITH COLBY
15 VANDERVOORT ST
FLORIDA, NY 10921-1117

JAN 3 1 2008

**ORIGINAL FILED**

Defendant(s).

WHEREAS, a Judgment was entered in the above entitled action in Supreme Court of the County of Orange, State of New York in favor of CENTURION CAPITAL CORPORATION, ASSIGNEE OF FCNB/NEWPORT NEWS and against JUDITH COLBY, for the sum of $2,513.65 on December 15, 2006.

Said judgment has been FULLY paid and the sum of $0.00 remains unpaid. It is certified that there are no outstanding executions with any Sheriff or Marshal within the State of New York,

THEREFORE, FULL satisfaction of said judgment is hereby acknowledged, and the said Clerks are hereby authorized and directed to make an entry of FULL satisfaction on the docket of said judgment.

Dated: January 22, 2008

/S
Patricia A. Blair, Esq.
Christa L. Muratore, Esq.
Maria J. Reed, Esq.
Fatimat O. Reid, Esq.
Wolpoff & Abramson, L.L.P.
Attorneys for Plaintiff

STATE OF NEW YORK )
COUNTY OF MONROE ) SS:
On January 22, 2008, before me, the undersigned personally appeared Patricia A. Blair, Esq./Maria J. Reed, Esq./Christa L. Muratore, Esq./ Fatimat O. Reid, Esq., personally known to me or proved to me on the basis of satisfactory evidence to be individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

W&A File Number: 152621738                          Notary Public

New York City Department of Consumers Affairs
License Numbers 1249874 & 1250739

**EXHIBIT**

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x
JUDITH COLBY,
     Plaintiff,

vs.

WOLPOFF & ABRAMSON, LLC
CENTURION CAPITAL CORP.
and JOHN DOE 1-10, XYZ, INC 1-10,
ten names being fictitious and
unknown to the plaintiffs, the person
or parties intended being the persons
or parties, if any,
     Defendants.

-------------------------------------------x

**COMPLAINT FOR VIOLATION**
of the Fair Debt Collection
Practices Act

Plaintiff Demands a
Trial by Jury

# 08 CIV. 0358

# BRIEANT

## INTRODUCTION

1.    This is an action for damages and declaratory relief by an individual consumer for

Defendants' joint and several and repeated violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter FDCPA) the New York General

Business Law § 349, (hereinafter NYGBL) negligence, defamation, and infliction of

emotional distress.

## JURISDICTION AND VENUE

2.    Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves

predominant issues of federal law. Defendants have violated the provisions of the

FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367.

Venue in this District is proper in that Plaintiff resides here, Defendants transact business

here and the conduct complained of occurred here.

*Exhibit 4*

## PARTIES

3.     Plaintiff, JUDITH COLBY, is natural person residing at 15 Vandervoort Street, Florida, New York, 10921, and a consumer pursuant the FDCPA.

4.   Defendant, WOLPOFF & ABRAMSON, LLC (hereinafter Wolpoff & Abramson) is a debt collection law firm doing business at 300 Canal View Blvd. 3rd Floor, Rochester, New York, 14623, and is a debt collector as defined by the FDCPA.

5.     Defendant, CENTURION CAPITAL CORPORATION, (hereinafter Centurion) is a debt collector as defined by the FDCPA, with its corporate headquarters located at 700 King Farm Blvd., Suite 503, Rockville, Maryland 20850.

6.     John Does are various employees of Defendants and/or various companies who created, sold or transferred the nonexistent debt, whose identity is unknown to Plaintiff at this time but when their identity is discovered, the complaint may be amended to include them as party Defendants.

## FACTUAL ALLEGATIONS

7.     In 1997, while Plaintiff still resided at her old address, at 29 North Main Street in Florida, New York, she began getting bills from a credit card company, (which Plaintiff recalls as being from sent from discover but is not certain thereof as it was 10 years ago), in the mail for a credit card Plaintiff never used. After receiving these bills, Plaintiff contacted that credit card company and told them there was a mistake on their part, as she never purchased any items with a credit card at all.

8.     The company told her that it was for items she purchased from a catalog. Plaintiff told them that she never purchased anything from a catalog, and never had a credit card.

2

9.    Plaintiff purposely does not have any credit cards, in order to avoid overspending and incurring any debt. Plaintiff's credit report shows no credit card accounts, and no delinquent balances whatsoever.

10.    In October 2006, while applying for a mortgage loan, Provident bank ran a credit check on Plaintiff, and informed her that she had a clean credit line, showing no outstanding debt.

11.    After purchasing her current residence in January of 2006, Plaintiff started receiving phone messages telling her to call the Law Offices of Wolpoff & Abramson. When she called them back to ask what the calls were about, they stated that they would not give her any information unless she gave them her social security number.

12.    Plaintiff would not give them her social security numbers out of concern for the protection of her identity.

13.    Plaintiff attempted to communicate and find out what Defendant Wolpoff & Abramson wanted on several more occasions, but was always asked for her social security number and it always came to the same end.

14.    Defendant Wolpoff & Abramson called Plaintiff an average of 5 times per day, including early mornings on weekends, and left messages on her voicemail for her to call back Wolpoff & Abramson. Whenever she would return their calls, they would pester her for her social security number, which she was reluctant to disclose.

15.    In August of 2006, Plaintiff found legal documents pinned on her door. Plaintiff contacted the Wolpoff & Abramson once again, as they were listed on the legal papers, this time reluctantly giving up her Social Security number, in hopes that they would realize their mistake. She was informed that according to their records she used a Discover

card to Purchase thousands of dollars worth of merchandise from the Newport News

catalog.

16.    Plaintiff never purchased anything from Newport News, she was not even aware

of the existence of such a catalog.

17.    In May of 2007 Plaintiff was informed by the accounting department at her place

of employment that the Orange County Sheriff's Department had served papers

demanding the garnishment of her income.

18.    Plaintiff was not aware of the default Judgment, which was obtained against her

by Wolpoff & Abramson in the Supreme Court of Orange County. Plaintiff later obtained

copies of the Court records from the Clerk.

19.    Plaintiff called Wolpoff & Abramson once more, trying to convince them that she

never incurred this debt, never purchased anything from Newport News. Plaintiff was told

that if she could prove that she did not make any such purchase, they would be glad to

help her.

20.    Wolpoff & Abramson continued to call that she needs to pay them and Plaintiff

informed them that she was already paying the bill weekly, against her will, through the

wage garnishment. They stated that they were willing to allow Plaintiff to pay off the

balance, without paying the accumulated interest.

21.    About $90.00 a week was garnished off Plaintiff's weekly check. Yet, when

Plaintiff thought that the remaining Judgment balance was around $1,700.00, she learned

from the woman in the accounting department at her place of employment that it was still

around $2,500.00 because the weekly $90.00, which they collected for several months

already, was only paying the interest they were charging. Upon information and belief, that was interest on top of the amount of the Default Judgment.

22.    In September of 2007, Plaintiff decided to just pay Wolpoff & Abramson off, despite the fact that she never owed the alleged debt, so that they would leave her alone and she would stop paying their huge interest charges, and finally get rid of the stress they were inflicting upon her.

23.    Plaintiff did not possess the necessary funds, so she decided to take a loan from her 401k in the amount of $10,000 to pay for her mortgage payments, which she was nearly short on as a result of the wage garnishment, and to pay Wolpoff & Abramson the Judgment amount.

24.  Plaintiff intended to send a portion of this loan directly to Wolpoff & Abramson, and was told by the department of her employer, who handled the loan, that she should contact the law firm, Wolpoff & Abramson, and ask them to fax to them the information required to transfer the money to pay them.

25.    Plaintiff called Wolpoff & Abramson and spoke to a woman who was an extremely rude, who actually hung up on Plaintiff.

26.    When Plaintiff called back, a seemingly pleasant man answered the call and said he would assist her. However, he refused to send any of Plaintiff's information to "some loan company he had never heard of". When Plaintiff asked him if he was aware that she was trying to pay a bill, he immediately became irritable and impossible to communicate with, declining to help Plaintiff.

27.    Plaintiff realized that Wolpoff & Abramson had no intention of making it possible for her to pay the alleged amount of the Judgment, but that they rather intended to attempt

5

garnishing her wages, to receive the huge amount of interest from Plaintiff which they kept charging.

28.    Plaintiff has suffered monetary damages including the money garnished by Defendant, including but not limited to a fee for the money she was forced to borrow from her 401k as a result of the garnishment and tax consequences for borrowing from her 401k. Plaintiff also suffered financial hardship as a result of Defendant's actions.

29.    The Judgment against Plaintiff affected her public record, and her reputation at her place of employment, which is causing Plaintiff defamation and embarrassment.

30.    This Judgment has harmed Plaintiff's credit and is preventing Plaintiff from enjoying the benefits of a good credit rating, which she had always so meticulously maintained. Plaintiff has suffered damages as a result of the acts of the Defendants.

31.    The constant frustration with the calls and attempting to resolve this issue, the rudeness towards Plaintiff by Wolpoff & Abramson and the Default Judgment against Plaintiff have caused sleepless nights, anxiety, stress nausea and severe distress to Plaintiff.

FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

32.    The allegations of paragraphs 1-31 in this pleading are incorporated as if fully rewritten herein.

33.    Defendant and Wolpoff & Abramson violated 15 U.S.C. 1692d(5) by repeatedly calling Plaintiff, at inconvenient times, pestering her to provide them with her social security number.

6

34.     Defendants Centurion and Wolpoff & Abramson violated 15 U.S.C. 1692e by making false representations to Plaintiff that she owed a debt, in their attempt to collect the alleged debt, and to the Court in obtaining the Default Judgment.

35.     Defendants Centurion and Wolpoff & Abramson violated 15 U.S.C. 1692e(2) by misrepresenting the character, status and amount that Plaintiff was alleged to owe, as Plaintiff did not owe any debt.

36.     Defendants Centurion and Wolpoff & Abramson violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(8) by communicating false credit information and attempting to collect a debt when said debt was disputed, and failing to inform the Supreme Court of Orange County that the debt was disputed.

37.     Defendants, Centurion and Wolpoff & Abramson violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(10) by making false representations and deceptive means in trying to obtain Plaintiff's social security number, and collect the alleged debt.

38.     Defendants, Centurion and Wolpoff & Abramson violated the Fair Debt Collection Practices Act 15 U.S.C. 1692f(1) by attempting to collect and collecting an amount for which there was not agreement creating the debt, and that they were not permitted by law to collect.

39.     Defendants, Centurion and Wolpoff & Abramson violated the Fair Debt Collection Practices Act 15 U.S.C. 1692f(5) by causing the garnishment of Plaintiff's wages and the consequential expenses caused therefrom.

40.     Defendants, Centurion and Wolpoff & Abramson violated the Fair Debt
Collection Practices Act 15 U.S.C. 1692g(b) by continuing to attempt collection on the
debt despite Plaintiff's dispute of such debt and their failure to validate the alleged debt.

41.     As a direct and proximate result thereof, Plaintiff has been injured and may
continue to suffer such injury in the future.

42.     As a direct and proximate result of the above violations of the FDCPA,
Defendants are liable to Plaintiff for declaratory judgment that Defendant's conduct
violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and
attorney's fees.

## SECOND CLAIM: DECEPTIVE TRADE PRACTICES, VIOLATION OF THE NY

### GBL § 349

43.     The allegations in paragraphs 1-42 in this pleading are incorporated as if fully
rewritten herein.

44.     As alleged herein, Defendants have engaged in unfair and deceptive trade and
business practices and are liable unto Plaintiff under state laws for those violations.

45.     Alternatively, Defendants have, with willful intent to injure or maliciously,
engaged in unfair and deceptive trade and business practices and are liable unto Plaintiff
under various state laws for those violations.

### THIRD CLAIM: NEGLIGENT ACTIONS

46.     Plaintiff re-alleges and incorporates paragraphs 1 through 45 above as if fully set
out herein.

47.     Defendants, Centurion and Wolpoff & Abramson had a duty to the plaintiff to
stop collection efforts after they received the validation request.

8

48.      Defendants, Centurion and Wolpoff & Abramson had the duty to substantiate the

account, to verify whether the alleged debt was incurred by Plaintiff.

49.      Defendants, respectively, failed in their duties, by negligently ignoring such

validation demands and continuing with their violative actions against Plaintiff with utter

disregard to their legal obligations to Plaintiff.

50.      As a direct and proximate result of the negligence of Defendants, Plaintiff has

been injured and may continue to suffer such injury in the future and Defendants are liable

to Plaintiff for declaratory judgment that Defendant's conduct was negligent, and

Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### FOURTH CLAIM: DEFAMATION

51.      The Plaintiff re-alleges and incorporates paragraphs 1 through 50 above as if fully

set out herein.

52.      Defendants recklessly, maliciously and/or intentionally obtained a Supreme Court

Default Judgment against Plaintiff when they knew or should have known that they had

no right to do so, because they have failed to validate the debt.

53.      Defendants recklessly, maliciously and/or intentionally, published and

disseminated false and inaccurate information concerning plaintiffs with reckless

disregard for the truth of the matters asserted.

54.      Defendant's publishing of such false and inaccurate information has severely

damaged the personal and consumer reputation of plaintiff and caused severe humiliation,

emotional distress and mental anguish to plaintiff.

55.      Defendant's obtaining a Judgment against Plaintiff when they had no right to do

so has severely tarnished Plaintiff's Public Record and Credit, thereby damaging

Plaintiff's personal and consumer reputation, causing severe emotional distress and anguish to Plaintiff.

56.     Defendant's garnishing of Plaintiff's wages caused defamation and embarrassment for Plaintiff at her place of employment.

57.     Defendants was notified of the inaccuracy of their records, that she never owed the debt, however, the Defendants continued to issue and/or publish report(s) to third parties, which contained inaccurate information about plaintiffs.

58.     Defendants acted with willful intent and malice to harm plaintiff.

## TRIAL BY JURY

59.     Plaintiff hereby demands a Trial by Jury on all claims herein.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against

Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA, and NYGBL, and declaratory and injunctive relief for Defendants' violations of the Consumer Act;

B. Injunctive relief to prevent Defendants from collecting on the County Court Judgment against Plaintiff, including injunctive relief to prevent Defendants from garnishing Plaintiff's income;

C. That the Judgment obtained by Defendant against Plaintiff in the Supreme Court of Orange County be vacated immediately and deleted from Plaintiff's credit report.

D. Actual damages as proven at trial, on each and every claim;

E. Punitive damages, where applicable;

F. Statutory damages, where applicable;

G. Costs and reasonable attorney fees; and

H. For such other and further relief as may be just and proper.

DATED: December 19, 2007
    Spring Valley, NY

_____/s/_____
Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY   10977
(845) 425-2510

11

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                               ) SS.:

COUNTY OF WESTCHESTER  )

      **ADINA FICI** being duly sworn, deposes and says: Deponent is not a party to the action, is over 18 years of age and resides in Westchester County.

      On March 21, 2008, deponent served, the within NOTICE OF MOTION WITH SUPPORTING DOCUEMTS the following attorneys in this action, at the addresses indicated below, which addresses have been designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

        TO:    Shmuel Klein, Esq.
                 Attorney for Plaintiff
                 JUDITH COLBY
                 Law Office of Shmuel Klein, PC
                 268 Route 59
                 Spring Valley, New York 10977

                                           ADINA FICI

Sworn to before me this
21[th] day of March, 2008.

**NICOLE INOCÊNCIO**
Notary Public, State of New York
**No.: 01IN4995148**
Qualified in Westchester County
Commission Expires: **April 20, 2010**