IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUDITH COLBY )<br><br>    Plaintiff )<br><br>vs. )<br><br>WOLPOFF & ABRAMSON, L.L.P. )<br>CENTURION CAPITAL CORPORATION )<br>and JOHN DOE 1-10, XYZ, INC 1-10, )<br>ten names being fictitious and unknown to the )<br>Plaintiffs, the person or parties intended being )<br>the persons or parties, if any )<br><br>    Defendants ) | Civil Action No.:  08-CV-0358-(CB) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

I.    INTRODUCTION

Defendants, by and through their attorneys, move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and as grounds therefore respectfully refers this Honorable Court to this memorandum of law, the affidavit of Thomas A. Leghorn, Esq. and the accompanying exhibits.

Judith Colby, a resident of Florida, New York (Compl. ¶ 3) has sued Wolpoff & Abramson, L.L.P. ("W&A"), a law firm practicing in the field of creditor rights and debt collection having an office in Rochester, New York (Compl. ¶ 4) and its client, Centurion Capital Corporation ("Centurion"), headquartered in Rockville, Maryland (Compl. ¶ 5).  Plaintiff's complaint arises out of collection activity and subsequent litigation filed by W&A on behalf of Centurion to pursue Plaintiff for her delinquent credit card debt.  Based on alleged improper action in the collection process, Plaintiff asserts a cause of action under the Fair Debt Collection Practices

1

Act, 15 U.S.C. § 1692g, et. seq., as well as pendent state law claim under New York's Deceptive

Trade Practices Act (GBL §349). Plaintiff also sets out state common law claims for negligence

and defamation.

II.    FACTS

In January, 2006, Plaintiff began receiving telephone messages from W&A. When she

called back, the firm asked her to provide her social security number before a representative

would discuss her account (Compl. ¶ 11). Plaintiff asserts that she refused to provide the social

security number out of concern for her privacy (Compl. ¶ 12).

Plaintiff then found legal documents pinned on her door in August, 2006 and contacted

W&A, this time providing her social security number for verification purposes "in hopes that

they would realize their mistake." (Compl. ¶ 15). W&A told the Plaintiff that she had used a

credit card account for several thousands dollars worth of purchases (Compl. ¶ 15). Sometime

later, she was informed that her wages were being garnished through a writ executed by the

Orange County Sheriff's Department (Compl. ¶ 17). Plaintiff claims she was not aware of the

default judgment that was entered against her by W&A on behalf of its client, Centurion, but

when later investigating this matter, obtained copies of the Court records from the Clerk (Compl.

¶ 18).[1]

Plaintiff again attempted to convince W&A that she was not liable for this debt (Compl. ¶

20). She further claims that when she paid the judgment balance, her wages continued to be

garnished because of accrued interest (Compl. ¶ 21). As a result of the entry of judgment and the

garnishment of her salary, Plaintiff claims to have suffered monetary damages and that the

---

[1] Defendants have supplemented the record by attaching a copy of the proof of service (Exhibit 1), the default judgment (Exhibit 2) and the satisfaction of judgment (Exhibit 3). This Court may take judicial notice of these public records for the purposes of ruling on a 12 (b)(6) motion. See, Mangiafico v. Blumenthal, 471 F. 3d 391, 397 (2nd Cir. 2006).

1928316.1

judgment placed on a public record affected her reputation at her place of employment, causing her embarrassment. She further complains that the judgment is preventing her from enjoying the benefits of a good credit rating and is upset because W&A representatives were rude towards her (Compl. ¶¶ 29-31).

III.    THE FAIR DEBT COLLECTION PRACTICES ACT

In 1977, Congress passed the Fair Debt Collection Practices Act for the purpose of eliminating abusive debt collection practices. [15 U.S.C. § 1692(e)]. In 1986, Congress repealed the prior exemption enjoyed by attorneys collecting debts on behalf of clients. See, Heintz v. Jenkins, 514 U.S. 291 (1995).

There are three major regulatory components to the FDCPA. First, debt collectors are required to furnish an initial written notice to a debtor pursuant to 15 U.S.C. § 1692g. The notice must disclose the debtor's right to dispute the validity of the debt and to make a written demand within thirty (30) days of receipt of the notice to obtain documentation verifying the obligation. Collection efforts must cease upon receipt of a timely written demand for validation until the collector obtains verification of the debt and sends it to the debtor. Second, the FDCPA limits communications that a debt collector may have with either the debtor (15 U.S.C. § 1692c) and/or with third parties (15 U.S.C. § 1692b). The third major regulatory component addresses prohibited conduct, the so-called "substantive heart" of the FDCPA, Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002). Under these three (3) provisions, collectors may not engage in conduct which harasses or abuses a debtor (15 U.S.C. § 1692d); collectors may not make false or misleading statements in connection with the collection of a debt (15 U.S.C. § 1692e); and collectors may not engage in unfair collection practices (15 U.S.C. § 1692f).

3

In this case, Plaintiff complains that W&A repeatedly called her at inconvenient times and asked for her social security number in violation of 15 U.S.C. § 1692d(5); made false representations as to the amount of her debt in obtaining a default judgment entered against her (15 U.S.C. § 1692e); falsely represented the character, status and amount of the debt [15 U.S.C. § 1692e(2)]; communicated false credit information to third parties about a disputed debt by failing to inform the state court that the debt was disputed [15 U.S.C. § 1692e(8)]; violated 15 U.S.C. § 1692e(10) by attempting to obtain Plaintiff's social security number for verification purposes; attempted to collect amounts not authorized by the agreement creating the debt or permitted by law [15 U.S.C. § 1692f(1)]; and engaged in an unfair collection practice by causing the garnishment of Plaintiff's wages [15 U.S.C. § 1692f(5)].

IV.    STANDARD OF REVIEW

The United States Supreme Court recently reformulated the standard governing rulings on motion to dismiss under Rule 12(b)(6). The Court, opined that the prior "no set of facts" standard articulated in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957) had "(puzzled) the profession for fifty (50) years . . . (and) . . . has earned its retirement." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). The new standard imposes upon a plaintiff the obligation to provide "the 'grounds' of . . . 'entitlement to relief', which requires more than labels and conclusions and a formulaic recitation of the elements of the cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted).

V.    NONE OF PLAINTIFF'S FACTUAL ALLEGATIONS SET OUT A CAUSE OF ACTION AGAINST DEFENDANT CENTURION CAPITAL CORPORATION

Defendant Centurion Capital Corporation is first referenced in Plaintiff's complaint in Paragraph 5, which alleges that Centurion is a debt collector as defined by the FDCPA. Although Plaintiff goes on to recite detailed factual allegations in Paragraphs 7 through 31 of her

4

complaint, the events recounted make no mention of the Defendant Centurion.   Instead, Centurion's name again surfaces in Plaintiff's first claim for relief in which she alleges that "Defendants Centurion and Wolpoff & Abramson" violated the FDCPA.

The absence of any facts connecting Centurion to the claims made fails to comply with the requirement in Twombly that a mere formulaic recitation of the elements of a cause of action will not do.   Accordingly, as to Defendant Centurion, Plaintiff's pleading fails to set forth any cause of action and is subject to dismissal under Rule 12(b)(6).

VI.   PLAINTIFF HAS FAILED TO ASSERT ANY CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

A.   15 U.S.C. § 1692d(5)

This provision of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the call number."   In her Complaint, Plaintiff claims that W&A began calling her at home beginning in January, 2006. She contends that W&A would not discuss her account unless she provided her social security number and that she refused to do so in order to protect her privacy.

Plaintiff filed suit on these claims on January 15, 2008, two (2) years after the alleged harassing telephone calls began.   Plaintiff's claims are time-barred by the one (1) year statute of limitations under the FDCPA. See, 15 U.S.C. § 1692k(d).   Although Plaintiff's Complaint alleges that W&A continued to call and tell her "that she needs to pay them" (Compl. ¶ 20), the fact that Plaintiff has alleged a continuing violation does not operate to extend the one (1) year limitation period. This Court has rejected the proposition that each violation starts the one year period for bringing suit under the FDCPA, explaining that otherwise the statute "could be kept alive indefinitely because each new communication would start a fresh statute of limitations."

5

Sierra v. Foster and Garbus, 48 F.Supp 2d 393, 395 (S.D.N.Y. 1999). The Sierra decision has

been cited as part of the "sparse case law addressing the issue (of whether) a continuing violation

theory" may be advanced under the FDCPA. Wilhelm v. Credico, Inc., 455 F.Supp. 2d 1006,

1009 (D.N.D. 2006), affirmed in part, reversed in part on other grounds, ___ F.3d ___, 2008 WL

553207 (8th Cir. 2008) (rejecting theory that FDCPA statute is extended by "serial violations") is

not extended by a continuing violation.

     In addition to the decisions in Sierra and Wilhelm, the Supreme Court holding in TRW,

Inc. v. Andrews, 539 U.S. 19, 26, 122 S. Ct. 441 (2001) supports the proposition that the FDCPA

one-year statute of limitations period commences at the time of the first violation. In Andrews,

the Court held that the Fair Credit Reporting Act's (FCRA) two (2) years statute of limitations

barred suit based on alleged inaccurate information first appearing on the consumer's credit

report more than two (2) years before the claim was filed, even though suit was brought within

two (2) years after the consumer discovered the wrongdoing.

     Because Plaintiff concedes that the alleged improper telephone calls commenced in

January, 2006, her cause of action under 15 U.S.C. § 1692d(5) is barred by the FDCPA's one (1)

year statute of limitations.

     B.     15 U.S.C. § 1692e and e(2)

     Plaintiff alleges that W&A falsely represented that she owed a debt and misrepresented

the character, status and amount of the debt that was reduced to a default judgment in state court.

In order to establish that W&A violated these provisions, the Plaintiff would have to show that

the entry of the judgment against her by the Supreme Court of Orange County was in error.

Accordingly, the "adjudication of (her) claim in Federal court would require (this) Court to

determine that a state court judgment was erroneously entered or was void." Kropelnicki v.

Seigel, 290 F.3d 118, 128 (2nd Cir. 2002). In Kropelnicki, the Second Circuit dismissed an FDCPA claim based on an alleged misrepresentations made by a debt collection attorney in obtaining a default judgment against the consumer. The Court raises the question of its jurisdiction, *sua sponte*, and determined that because the alleged misrepresentation was "inextricably intertwined" with the state court default judgment, the Rooker-Feldman doctrine barred the Federal court from reviewing the claims.[2]

A similar result follows here where Plaintiff has alleged that the amount of the debt, its character, and status were misrepresented by W&A. Plaintiff has conceded that she was aware of the entry of the default judgment and has further alleged that she decided to pay the debt. Under these circumstances, her claim is barred by the Rooker-Feldman doctrine.

C.    15 U.S.C. § 1692e(8)

15 U.S.C. § 1692(e) prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." This prohibition is aimed at a debt collector who furnishes information to a credit reporting agency. See, Brady v. Credit Recovery Company, Inc., 164 F.3d 64 (1st Cir. 1998). Plaintiff's allegation that a law firm violates the FDCPA by failing to communicate to a Court that the debt sued upon is disputed would lead to "patently absurd" consequences. See, Robbins v. Wolpoff & Abramson, L.L.P., 2007 WL 601458*3 (E.D. Wis. 2007). The type of untoward construction was alluded to in Heintz v. Jenkins, 514 U.S. 291, 296, 115 S. Ct. 1489 (1995). Even though the Supreme Court rejected arguments that the FDCPA does not apply to litigation activities, this Court nonetheless observed that "the fact that a lawsuit turns out ultimately to be unsuccessful could,

---

[2] Although this motion is brought under Rule 12(b)(6), the Rooker-Feldman doctrine operates to deprive "lower federal courts (of) subject matter jurisdiction over claims that effectively challenge state court judgments." Kropelnicki v. Seigel at 128.

7

by itself, make the bringing of it and 'action that cannot be legally be taken'". A similar anomalous result would follow if a debt collecting attorney would be deemed to violate the FDCPA by filing suit without notifying the Court that the debt was disputed. This result would impermissibly compromise the lawyer's role as zealous advocate for the creditor/client, while at the same time obliging the attorney to advocate for the client's opponent, i.e., to inform the Court that the debt is disputed.

For these reasons, there is no cause of action under 15 U.S.C. § 1692e(8).

D.    15 U.S.C. § 1692e(10)

For the reasons set forth above as to the claimed violations of 15 U.S.C. § 1692e and e(2), Plaintiff has failed to set for a cause of action under 15 U.S.C. § 1692e(10).

E.    15 U.S.C. § 1692f(1)

Plaintiff alleges that W&A attempted to collect an amount not permitted by the agreement creating the debt or not allowed by law. This contention is similarly barred by the Rooker-Feldman doctrine because Plaintiff would have to establish that the state court judgment was entered in error.

F.    15 U.S.C. § 1692f(5)

In Paragraph 39 of the Complaint, Plaintiff asserts that Defendants violated 15 U.S.C. § 1692f(5) "by causing the garnishment of Plaintiff's wages." 15 U.S.C. § 1692f(5) prohibits a debt collector from "causing charges to be made to any person for communications by concealment of the truth purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees." The language prohibits a debt collector from charging for collect telephone calls and/or for making calls to cellular telephones for which the consumer incurs a charge for an incoming call. By its very terms, this subsection does not

8

1928316.1

address the consequential expenses incurred by a judgment debtor when a writ of garnishment is served to effectuate collection of the underlying judgment. For this reason, there is no violation of 15 U.S.C. § 1692f(5).

       G.     15 U.S.C. § 1692g(b)

Plaintiff alleges W&A violated 15 U.S.C. § 1692g(b) by continuing to attempt collection after Plaintiff's disputed the debt. Plaintiff's claim fails because she has failed to allege that she timely furnished a written dispute within thirty (30) days of W&A's initial communication to her, as required by 15 U.S.C. § 1692g(b). Further, the fact that she may have orally disputed the debt at a later time does not trigger any protection beyond the fact that the collector may no longer assume the debt valid, a right of limited value considering that the failure to dispute the debt cannot be deemed as an admission of liability in Court. 15 U.S.C. § 1692(c).

Because Plaintiff has failed to allege that she made a written dispute of the debt within thirty (30) days after W&A provided her with a validation of debts notice under 15 U.S.C. § 1692g, her claim under this section fails.

VII.   THIS COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

This Court should follow the well-settled principle that "where . . . Federal claims are eliminated early in the stages of litigation, Courts should generally decline to exercise pendent jurisdiction over the remaining state law claims." Klein & Co. Futures, Inc. v. Board of Trade of City of New York, 464 F.3d 255, 262 (2nd Cir. 2006). As to the claim of negligence against an opposing attorney, New York law does not recognize the right of a party opponent to sue its adversary's attorney for negligence. See, Federal Insurance Company v. North American Specialty Insurance Company, 47 A.D.3d 52, 847 N.Y.S. 2d 7 (1st Dept. 2007). Further, the claim for defamation based on statements made in the Court filings is similarly barred by New

York law.  See, Martirano v. Fross, 25 N.Y. 2d 505, 255 N.E. 2d 693 (1969), citing Andrews v. Gardiner, 224 N.Y. 440, 445 (1918).


VII.    CONCLUSION

For the reasons set forth herein, Plaintiff has failed to set forth the cause of action under the Fair Debt Collection Practices Act.  This Court should grant the motion to dismiss Count I and should decline to exercise pendent jurisdiction over Plaintiff's state law claims.

DATED:       White Plains, New York
             March 21, 2008

                         Respectfully submitted,

         WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                         By: _____
                             THOMAS A. LEGHORN
                             JAY A. WECHSLER
                             Attorneys for Defendants
                             3 Gannett Drive
                             White Plains, New York 10604
                             (914) 323-7000
                             File No.  06666.00012


TO:

Shmuel Klein, Esq.
Attorney for Plaintiff
JUDITH COLBY
Law Office of Shmuel Klein, PC
268 Route 59
Spring Valley, New York 10977
(845) 425-2510

1928316.1

# AFFIDAVIT OF SERVICE

**STATE OF NEW YORK**          )
                                                   ) SS.:
**COUNTY OF WESTCHESTER**  )

     **ADINA FICI** being duly sworn, deposes and says: Deponent is not a party to the action, is over 18 years of age and resides in Westchester County.

     On March 21, 2008, deponent served, the within DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS the following attorneys in this action, at the addresses indicated below, which addresses have been designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

     TO:    Shmuel Klein, Esq.
                Attorney for Plaintiff
                JUDITH COLBY
                Law Office of Shmuel Klein, PC
                268 Route 59
                Spring Valley, New York 10977

_____
                              ADINA FICI

Sworn to before me this
21[th] day of March, 2008.

_____
**NICOLE INOCENCIO**
Notary Public, State of New York
**No.: 01IN4995148**
Qualified in Westchester County
Commission Expires: **April 20, 2010**