The United States Supreme Court clarified the contours of Rooker-Feldman:

> The *Rooker-Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: *cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions. (emphasis added).

Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); see also Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

The pivotal inquiry in the present case is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." Long v. Shorebank Development Corporation, 182 F.3d 548, 555 (7th Cir.1999).

Rooker-Feldman applies where to the issue raised in the state court judgment itself, Long, 182 F.3d at 555, because in granting the federal plaintiff the relief sought, a federal court must determine that "the state court judgment was erroneously entered or must take action that would render the judgment ineffectual," thereby passing on the merits of that state court decision. See Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n.5 (4th Cir. 1997) at 202 (internal punctuation omitted) (quoting Ernst v. Child and Youth Servs., 108 F.3d 486, 491 (3d Cir.1997)).

On the other hand, Rooker-Feldman is inapplicable where the alleged cause of action is distinct from the state court judgment, where a federal plaintiff raises an independent claim, not "inextricably intertwined" with that state judgment. Long, 182 F.3d at 555; Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 701-02 (7th Cir.1998); Exxon Mobil Corp., 125 S.Ct. at 1521-22. Rooker-Feldman does not strip federal courts

of subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. See Exxon Mobil Corp., 125 S.Ct. at 1527. Hence where a federal plaintiff alleges an independent claim that the state court failed to remedy, a federal court may consider that claim. Long, 182 F.3d at 555; cf. American Reliable Insurance Co. v. Stillwell, 336 F.3d 311 (4th Cir.2003) at 317-18.

Here Plaintiff, Judith Colby, alleges several violations of the FDCPA, all of which certain to the manner in which Defendants, W&A collected an alleged debt, not the validity of the alleged debt or the Judgment. Plaintiff has states a cause of action to permit the claims to go forward in Federal Court. See Azar v. Hayter, 874 F.Supp. 1314 (N.D.Fla.1995); Long, 182 F.3d at 554.

When a FDCPA claim concerns collection activities, a FDCPA claim does not arise out of the transaction creating the debt.

The Court in McCammon v. Bibler, Newman & Reynolds, P.A., 493 F.Supp.2d 1166 (D. Kan., 2007) took a detailed look at the Rooker-Feldman issue in comparing five cases post Exxon cases which considered the applicability of the Rooker Feldman doctrine to circumstances similar to those in this case, where creditors (or debt collectors) obtain a judgment in state court but have their collection practices challenged in federal court under the FDCPA. Todd v. Weltman, Weinberg & Reis Co., L.P.A., 434 F.3d 432 (6th Cir. 2006); Anderson v. Gamache & Myers, P.C., 2007 U.S. Dist. LEXIS 39446, 2007 WL 1577610 (E.D. Mo. May 31, 2007); Foster v. D.B.S. Collection Agency, 463 F. Supp. 2d 783 (S. D. Ohio 2006); Wyles v. Excalibur I, LLC, 2006 U.S. Dist. LEXIS 64203, 2006 WL 2583200 (D. Minn. 2006); Senftle v. Landau, 390 F. Supp. 2d 463 (D. Md. 2005).

The above mentioned courts all found that Rooker-Feldman did not bar claims under the FDCPA where the plaintiff disputed the collection practices utilized by the debt collector, not the validity of the state court judgment. "[p]laintiffs' alleged injuries here are not the result of the state court judgments themselves, but rather [result] from the allegedly illegal practices Defendants used to obtain those state court judgments." Foster, 463 F.Supp.2d at 798. (citing *Todd,* 434 F.3d;).  The Sixth Circuit concluded in Todd, 434 F.3d at 436 that the plaintiffs FDCPA claims were not precluded by *Rooker-Feldman* because the plaintiffs claim was not that he was injured as a result of the state court judgment but rather that he was injured by defendant's method of collection, that is, the filing of a false affidavit, which constituted an independent federal claim under the FDCPA.

Accordingly, Defendants claim that this action is barred by the Rooker-Feldman doctrine must fail.

## DEFENDANT KNOWINGLY "FAILED" TO TELL THE ORANGE COUNTY SUPREME COURT THAT THE DEBT WAS DISPUTED

Defendant states in its Motion to Dismiss that it can not be held liable for its "failure" to inform the Supreme Court of Orange County that the debt was disputed. To support this contention, Defendant asserts that it would be "patently absurd" to inform the Supreme Court that the debt was disputed because it would "impermissibly compromise" the lawyers role as a "zealous" advocate for its creditor/client. Defendant also claims that if it would notify the Supreme Court that the debt was disputed, it would oblige them to "advocate for their client's opponent".

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x
JUDITH COLBY,

      Plaintiff,

                                 Case No. 08-cv-0358 (CB)

vs.


WOLPOFF & ABRAMSON, LLC
CENTURION CAPITAL CORP.
and JOHN DOE 1-10, XYZ, INC 1-10,
ten names being fictitious and
unknown to the plaintiffs, the person
or parties intended being the persons
or parties, if any,

      Defendants.

-------------------------------------------x

## <u>AFFIRMATION OF JUDITH COLBY IN OPPOSITION TO DEFENDANT'S RULE 12b(6) MOTION TO DISMISS</u>

        I, Judith Colby, the Plaintiff herein, affirm under penalty of perjury, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

1.      This affirmation is made in Opposition to Defendants' Rule 12b(6) Motion to Dismiss this case.

2.      In the beginning of 2006 I started receiving phone messages telling me to call the Law Offices of Wolpoff & Abramson. When I returned the calls they would not give me any information unless I would give them my social security number. Defendant Wolpoff & Abramson ("W&A") continued calling me several times daily, leaving messages and asking for my social security number when I returned their calls.

3.      In August of 2006, I finally gave W&A my social security number after finding legal documents on my door. I was told that according to W&A's records I used a

Discover card to Purchase thousands of dollars worth of merchandise from the Newport News catalog.

4.    I never had any credit cards. I never incurred any debt with Discover. I never purchased anything from Newport News. I haven't even heard of such a catalog at any time prior to the allegation that I purchased merchandise from them.

5.    I told W&A that there must be some mistake as this was not my debt. I told W&A that I am disputing the debt and they should try to verify it with Discover so that they would see that there was a mistake and it was not my debt.

6.    I thought that since I told W&A clearly that I disputed this debt, and to stop collection efforts, they had ceased collecting. However, in May of 2007 I was informed by the accounting department at my place of employment that the Orange County Sheriff's Department had served papers demanding the garnishment of my income.

7.    Unbeknownst to me, W&A sued me and obtained a default Judgment against me. I later obtained copies of the Court records from the Orange County Clerk.

8.    I called W&A once more, and disputed the debt again but W&A insisted that I would have to prove that I never incurred the debt, or else they can't help me. W&A continued to call me demanding payment and I informed them that I was already paying the bill weekly, against my will, through the wage garnishment. W&A stated that they were willing to allow me to pay off the balance, without paying the accumulated interest.

9.    About $90.00 a week was garnished off my weekly paycheck. Yet, when I thought that the remaining Judgment balance was around $1,700.00, I learned from the woman in the accounting department at my place of employment that it was still around $2,500.00 because the weekly $90.00, which they collected for several months already,

was only paying the interest they were charging. Upon information and believe, that was interest on top of the amount of the Default Judgment.

10.     In September of 2007, I decided to just pay W&A off, despite the fact that I never owed the alleged debt, so that they would leave me alone and I would stop paying their huge interest charges, and be relieved of the stress they were inflicting upon me.

11.     I took a loan from my 401k to pay off the rest of the amount "owed" on the default Judgment. However, when I called W&A to find out where to send the payoff money, the woman employee was extremely rude, refusing to help me and hung up on me.

12.     When I called W&A back again, asking that the W&A account information be sent to the loan department of my employer, the male employee of W&A refused to send any of my information to "some loan company he had never heard of". When I asked him if he was aware that I was trying to pay a bill, he immediately became irritable and impossible to communicate with, declining to help me.

13.     Upon information and belief, W&A had no intention of making it possible for me to pay the alleged amount of the Judgment. W&A intended to attempt garnishing my wages, so that they would receive the huge amount of interest which they kept charging me.

14.     I suffered monetary damages and financial hardship as a result of Defendant's actions. I had to take money from my 401k to pay for my mortgage because my wages were garnished, causing me to be short in money for my monthly mortgage payment. I incurred taxes on the 401k money which I withdraw to pay W&A and to pay my mortgage.

15.     The Judgment against me affected my public record, and ruined my good reputation at my place of employment, causing me strong embarrassment.

16.     The Judgment harmed my credit and is preventing me from enjoying the benefits of a good credit rating, which I had always so meticulously maintained. The alleged debt did not show up on my credit report prior to the default Judgment.

17.     The constant frustration with the calls and attempting to resolve this issue, the abusive collection practice by W&A and the Default Judgment against me have caused me sleepless nights, anxiety, nausea and a lot of stress.

18.

**WHEREFORE**, Plaintiff respectfully prays that Defendants' Rule 12b(6) Motion to Dismiss should be denied and Plaintiff be awarded costs and attorney's fees in opposing Defendants' frivolous motion.


DATED: April 16, 2008                              _____/s/_____

                                                                    Judith Colby

Subscribed and sworn to before me this 16th day of April 2008.


__/s/_____
SHMUEL KLEIN
Notary Public - State of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x
JUDITH COLBY,
      Plaintiff,

                            Case No. 08-cv-0358 (CB)

vs.

WOLPOFF & ABRAMSON, LLC
CENTURION CAPITAL CORP.
and JOHN DOE 1-10, XYZ, INC 1-10,
ten names being fictitious and
unknown to the plaintiffs, the person
or parties intended being the persons
or parties, if any,
      Defendants.
-------------------------------------------x

## AFFIRMATION IN OPPOSITION TO DEFENDANT'S RULE 12b(6) MOTION TO DISMISS

      I, Shmuel Klein, counsel for the Plaintiff herein, affirm under penalty of perjury, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

1.      This affirmation is made in Opposition to Defendants' Rule 12b(6) Motion to Dismiss Plaintiff's Complaint.

2.      As grounds for their Motion to Dismiss the Complaint, Defendants assert that Plaintiff fails to state a cause of action upon which relief may be granted.

3.      Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq. Plaintiff's complaint sets forth factual allegations and legal causes of action upon which she seeks relief. Defendants' motion to dismiss is unfounded and filed in bad faith. Defendants' motion must be denied.

4.      Defendants assert that Plaintiff did not state a claim against Centurion. However, W&A was collecting as an agent for Centurion. See Memorandum of Law filed herewith.

5.      Defendants claim that its FDCPA violations were not within the one year statutory period. Despite the fact that some violations occurred prior to a year before the filing of the Complaint, W&A also violated the FDCPA well within the one year statutory period, which is actionable under the FDCPA. The garnishment of Plaintiff's wages, charging interest that W&A had no right to, and abusive telephone collection occurred in and after May of 2007. See Memorandum of Law filed herewith.

6.      Defendants further claim that since they have a Supreme Court of Orange County Judgment against Plaintiff, Plaintiff is barred by the Rooker Feldman doctrine from bringing her claim. However, this assertation is inaccurate because Plaintiff is not attempting to relitigate the issue of whether she ever had a debt or owed any money to W&A or Centurion. Plaintiff brought this action against Defendants for their abusive collection activity in violation of the FDCPA, which is a separate claim not previously litigated on its merits. Thus, Rooker Feldman does not apply. See Memorandum of Law filed herewith.

7.      Defendants violated 15 U.S.C. 1692d(5) by repeatedly calling Plaintiff, at inconvenient times; 15 U.S.C. 1692e by making false representations to Plaintiff that she owed a debt, in their attempt to collect the alleged debt, and to the Court in obtaining the Default Judgment; 15 U.S.C. 1692e(2) by misrepresenting the character, status and amount of the alleged debt,; 15 U.S.C. 1692e(8) by communicating false information and attempting to collect a debt when said debt was disputed, and failing to inform that the debt was disputed; 15 U.S.C. 1692e(10) ) by making false representations and using

2

deceptive means in trying to collect the alleged debt; 15 U.S.C. 1692f(1) by attempting to

collect and collecting an amount for which there was no agreement creating the debt, and

that they were not permitted by law to collect, and by collecting interest which they had

no right to collect; 15 U.S.C. 1692f(5) by causing the garnishment of Plaintiff's wages

and the consequential expenses caused therefrom; and 15 U.S.C. 1692g(b) by continuing

to attempt collection on the debt despite Plaintiff's dispute of such debt and their failure

to validate the alleged debt.,  as alleged in Plaintiff's Complaint.

8.     Defendants are also liable to Plaintiff for violation of the New York General

Business Law, § 349, defamation and infliction of emotional distress, as this Court has

supplemental Jurisdiction pursuant to  28 U.S.C. 1367.


**WHEREFORE**, Plaintiff respectfully prays that Defendants' Rule 12b(6) Motion to

Dismiss should be denied and Plaintiff be awarded costs and attorney's fees in opposing

Defendants' frivolous motion.


DATED: April 16, 2008
Spring Valley, New York            _____/s/_____
                                   Shmuel Klein (SK 7212) Fed Court Only
                                   Law Office of Shmuel Klein, PC
                                   Attorneys for Plaintiff
                                   268 ROUTE 59
                                   Spring Valley, NY   10977
                                   (845) 425-2510

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x
JUDITH COLBY,

      Plaintiff,

                                Case No. 08-cv-0358 (CB)

vs.

WOLPOFF & ABRAMSON, LLC
CENTURION CAPITAL CORP.
and JOHN DOE 1-10, XYZ, INC 1-10,
ten names being fictitious and
unknown to the plaintiffs, the person
or parties intended being the persons
or parties, if any,

      Defendants.
-------------------------------------------x

## <u>MEMORANDUM OF LAW  IN OPPOSITION TO DEFENDANT'S RULE 12b(6)</u>
## <u>MOTION TO DISMISS</u>

**INTRODUCTION**

      This is an action brought by Plaintiff against Defendants Wolpoff & Abramson ("W&A") and Centurion Capital Corp ("Centurion) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692. ("FDCPA").

      Plaintiff incorporates herein the Affirmations in Opposition to Defendant's Rule 12b6 Motion to Dismiss this case.

      The Motion to Dismiss is a frivolous motion, filed with the intent to harass Plaintiff, who filed the Complaint in good faith, seeking relief for repeated FDCPA violations by Defendants, which caused her severe emotional distress and monetary damages. This motion must be denied with attorney's costs and fees for opposing this frivolous motion awarded to Plaintiff.

**ARGUMENT**

In considering a motion to dismiss pursuant to Rule 12(b)(6), the court is required to accept as true the factual allegations in the complaint, draw all reasonable inferences in favor of the plaintiff, and refrain from assessing the weight of the evidence that might be offered in support of the complaint. Such a motion should be granted "only if, after viewing plaintiff's allegations in this favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Walker v. City of New York, 974 F.2d 293, 298 (2d Cir.1992); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), *cert. denied,* 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993). The new standard set forth in Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 (2007), is that the Plaintiff needs to provide in the Complaint the grounds of entitlement to relief, in order to survive a Motion to Dismiss. Plaintiff has sufficiently pled factual allegations and causes of action which entitle her to relief available under the FDCPA. The Complaint should not be dismissed.

**FDCPA**

ACTION AGAINST CENTURION

Defendant contends in its Rule 12b(6) Motion to Dismiss the Complaint, that Plaintiffs claims do not set out any factual allegations against Defendant Centurion, and are only directed against W&A. However, Plaintiff brought the action against both W&A and Centurion for their joint and separate violations of the FDCPA. W&A, a law firm, was collecting the alleged "debt" on behalf of its client, Centurion. Centurion hired Wolpoff & Abramson as its attorney for the purpose of colleting the alleged debt and

2

obtaining a Judgment against Plaintiff. In fact, Kelly Byrams, vice president of Centurion verified the Supreme Court complaint filed by W&A.

Centurion turned the account over to its attorneys, W&A, for collection, obtaining a Judgment and garnishment on behalf of Centurion; It hired an attorney when it had no legal authority to collect the debt as it was aware that Plaintiff disputed said debt. Nonetheless, Centurion continued, through its agent, W&A to take legal action when it had no right to do so. Accordingly, Plaintiff has properly pled allegations against Centurion.

THE ALLEGATIONS IN THE COMPLAINT FALL WITHIN THE STATUTORY PERIOD

The FCPDA allows aggrieved debtors to file suit "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Padilla v. Payco General American Credits, 161 F.Supp.2d 264 (S.D.N.Y., 2001) Without citing any legal authority, the [Debt Collector] contended that the statute of limitations prohibits [debtor] from raising any factual allegations that took place more than one year before [date of filing the action]. However, the Court in Padilla found that the statute of limitations is not intended to deprive plaintiffs of the use of evidence of violations that took place more than a year before filing, but rather to protect defendants by ensuring that the action is filed within one year of the most recent date on which the defendant is alleged to have violated the FCPDA.(citing Kaplan v. Assetcare, Inc., 88 F.Supp.2d 1355 (S.D.Fla.2000) (holding that complaint was filed within statute of limitations where four alleged abusive collection attempts fell within statutory period, although first attempt was outside the one year limitations period).

Accordingly, despite some of violative collection activity transpiring earlier than a year before the filing of the Plaintiff's Complaint, the garnishment activity and phone calls between Plaintiff and W&A, as pled in Plaintiff's Complaint, transpired in and after May of 2007, which is within the one year statute of limitation.

Although W&A obtained the Default Judgment prior to one year before Plaintiff's filing of the Complaint, Plaintiff was not aware of the default judgment, which was obtained in violation of the FDCPA, until May of 2007. The Court in Kelly v. Wolpoff & Abramson, L.L.P., 2007 WL 2381536 (D. Colo. Aug. 17, 2007) held that the statute of limitations began to run when the consumer knew or had reason to know of the debt collector's alleged fraud. Therefore, the date of Plaintiff's realization that there was a Default Judgment against her despite her dispute of the debt, May of 2007, is when the statute of limitations began to run as to the violative actions in connection with obtaining the default judgment, as am abusive collection practice in violation of 15 U.S.C. 1692(f).

PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE ROOKER FELDMAN DOCTRINE

Under the Rooker-Feldman doctrine, lower federal courts generally do not have subject-matter jurisdiction to review state-court decisions by a state's highest court or its lower courts. The doctrine bars a party losing in state court from seeking what in substance would be appellate review of a state judgment in lower federal court, based on the losing party's claim that the state judgment itself violates federal rights. Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir.2000). This is chiefly because 28 U.S.C. § 1257(a) reserves federal jurisdiction to review state court decisions to the Supreme Court.

W&A is not denying its concealment of the dispute to the Supreme Court Judge. In fact, Defendant W&A is wrongfully trying to justify their action by bringing irrelevant case law in support of their wrongful actions. W&A signed a verified complaint, wherein it states in no. 6. … "There is now justly due and owing to the Plaintiff from the defendant as a result of said default the sum of $1,788.88 with interest…". Defendant W&A further states in paragraph 7. of its Supreme Court complaint, " That prior to the commencement of this action Plaintiff on numerous occasions rendered statements of said claim to the defendant(s) which the defendant(s) accepted and retained *without objection*" (emphasis added). Not only did W&A "fail" to disclose that the debt was disputed, but it actually falsely misrepresented to the Court that there was no objection to the debt. The Supreme Court complaint is further verified under notary by Kelly Byrams, vice president of Defendant Centurion, who stated that she had knowledge of the allegations of the complaint. See Exhibit "A" attached hereto.

Although the Rooker-Feldman doctrine bars re- litigating issues which were raised and adjudicated on their merits, raising a claim of filing a false affidavit is not "inextricably intertwined" with the State Court action, since plaintiff was not injured as a *result* of the state court judgment but rather that she was injured by defendant's <u>method of collection</u>, that is, the filing of a false verification and Complaint, which constituted an independent federal claim under the FDCPA. <u>Todd</u>, 434 F.3d at 436.

Defendants assert that while the court in <u>Heintz v. Jenkins</u>, 514 U.S. 291, 296, 115 S.Ct. 1489 (1995) rejected the argument that the FDCPA does not apply in litigation activities, Defendants' willful, concealment of Plaintiffs dispute and statement that Plaintiff had no objection to the debt would lead to "patently absurd" consequences as the

Court found in Robbins v. Wolpoff & Abramson, 2007 WL 601458 (E.D. Wis. 2007). However, the Court in Robbins, supra, referred to a false statement in a validation notice, which a consumer could then dispute with the collector. In this case, it was not merely a misstatement; it was a willful misstatement, which brought forth a Judgment, garnishment of Plaintiff's wages and severe damages to Plaintiff as a result of Defendant's abusive collection practices, willful false statements, and willful misstatement to the Court, which is shocking and sanctionable conduct.

An attorney has the duty, as an officer of the Court, to inform the Court of the truth, even if that would prevent its client from obtaining a Judgment (which it had no right to, as the debt was disputed under the FDCPA and they had no documents which would give them authority to collect the debt).

Although a lawyer must represent his client zealously, he must do so within the bounds of the law. An attorney is a professional and an officer of the court, not a hired gun or mercenary whose sole motivation is to win or an attack dog whose sole purpose is to destroy." Revson v. Cinque & Cinque, P.C., 70 F.Supp.2d 415 (S.D.N.Y., 1999). Canon 7 provides that "a lawyer should represent a client zealously within the bounds of the law." N.Y.Code of Prof'l Responsibility Canon 7 (1998) DR 1-102 provides that a lawyer shall not "[e]ngage in conduct that is prejudicial to the administration of justice." Id. at DR 1-102(A)(5). Defendants conduct in admitting their wrong is patent violation of the disciplinary rules.

Thus, Defendants must be held liable under 1692e, 1692e(2), 1692e(8) and 1692e(10) for their misrepresentation in an attempt to collect a debt.

DEFENDANTS VIOLATED 15 U.S.C. § 1692g(b)

In its Motion to Dismiss, Defendants contend that since Plaintiff failed to allege that she "timely" furnished a "written" dispute within 30 days of W&A initial communication to her, her claim under 15 U.S.C. 1692g(b) fails.

However, W&A never sent Plaintiff a 1692g(a) validation notice. When W&A first began calling Plaintiff in January of 2006, the initial call was required to be followed up within five days by a "notice of 30-day validation" letter pursuant to 1692g(a). Defendants never sent any written communications to Plaintiffs. Therefore, W&A's contention that Plaintiff did not dispute the debt within 30 days must fail.

Furthermore, Plaintiff's dispute of the debt need not be in writing to invoke the protection of 15 U.S.C. 1692e. "Oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute." 15 U.S.C. § 1692e(8); Brady v. Credit Recovery Co., 160 F.3d 64, 67 (1st Cir.1998). See also Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1080 (9th Cir. 2005) (finding no writing requirement under § 1692g(a)(3)); Baez v. Wagner & Hunt, 442 F. Supp. 2d 1273, 1277 (S.D. Fla. 2006) (finding that Congress intentionally omitted a writing requirement from § 1692g(a)(3)); Rosado v. Taylor, 324 F. Supp. 2d 917, 929 (N.D. Ind. 2004) (imposing a writing requirement in § 1692g(a)(3) violates the statute); In re Risk Mgmt. Alternatives, Inc., 208 F.R.D. 493, 502 (S.D.N.Y. 2002) ("[T]he Second Circuit . . . would permit disputes to be raised otherwise than in writing."); Sanchez v. Robert E. Weiss, Inc. (In re Sanchez), 173 F. Supp. 2d 1029, 1035 (N.D. Cal. 2001) (finding no writing requirement under § 1692(a)(3)); Ong v. Am. Collections Enter., No. 98-CV-5117 (JG), 1999 WL 51816, at *2 (E.D.N.Y. Jan. 15,

1999) (reasoning that Congress's omission of "in writing" from § 1692(a)(3) was intentional).

Plaintiff properly disputed the debt, orally, as soon as she became aware of collection efforts by W&A. Plaintiff disputed the debt orally each time she spoke with W&A. W&A violated the FDCPA by continuing the collect on the disputed debt without providing any validation thereof and by failing to communicate that the disputed debt was disputed.

<u>DEFENDANTS VIOLATED 1692f(1)</u>

The Court in <u>Whittingham v. Mortgage Elec. Registration Servs., Inc.,</u> 2007 WL 1362669 (D.N.J. May 4, 2007) held that for the purpose of applying the FDCPA's one-year statute of limitations to a claim for violation of 15 U.S.C. 1629f(1), either the attempt to collect a debt using prohibited purposes or *the actual collection of an amount greater than the amount actually owed by the consumer as the date of the violation of the FDCPA* can be construed as the date when the statute of limitations began to run. Accordingly, the date of payment on the nonexistent debt began the running of the FDCPA's statute of limitations.

Defendant W&A garnished money, which was never owed. They garnished the wages despite Plaintiffs dispute of the debt. Defendant W&A nor Defendant Centurion has in its possession any agreement from Plaintiff which created or authorized the debt. Furthermore, the Default Judgment was not obtained by W&A on the merits, but rather through a submission. The failure to cease litigation activity until they validate the debt because the debt was disputed, was a clear violation of 15 U.S.C. 1692g and a violation of attorney Disciplinary Rules and 15 U.S.C. 1692e.

W&A garnished an amount they had no right to collect, in violation of the FDCPA. W&A also charged an interest which it had no right to charge. Accordingly, Plaintiff adequately plead a claim under 15 U.S.C. 1692f(1).

**STATE CLAIMS PROPERLY PLEAD**

Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367.

As alleged in the complaint, Defendant Centurion, through its agent, W&A, engaged in deceptive trade and business practices, in violation of NY GBL §349 by failing to abide by the laws governing debt collector's conduct, e.i. the FDCPA.

Defendants willfully ignored Plaintiffs disputes and her request that they verify and validate the debt. Defendants failed to inform the Court when obtaining a default Judgment that the alleged debt was disputed. Defendants willfully failed to make sure it has a basis for collecting a debt from Plaintiff.

Under 28 U.S.C. § 1367(a), federal courts have jurisdiction to decide claims over which they would not otherwise have jurisdiction, if those claims are so related to claims over which they do have jurisdiction that the claims form part of the same case or controversy. Subsection (c) of § 1367 lists several circumstances in which the federal court may choose not to exercise that jurisdiction: (1) the state claim raises a novel or complex issue of state law; (2) the state claim substantially predominates over the claim over which the court has original jurisdiction; (3) the district court has dismissed all claims over which it had original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. Seabrook v. Jacobson, 153 F.3d 70 (C.A.2 (N.Y.), 1998). In this case, none of the above listed circumstances apply as the

additional state law claims plead by Plaintiff are related to the FDCPA claims over which Federal jurisdiction exists and the state law claims are a part of the same case.

**DEFAMATION**

Defendants act of garnishing Plaintiffs wages defamed Plaintiff. Defendants were prohibited from garnishing Plaintiffs wages by 15 U.S.C. 1692f(1) by collecting an amount not owed by Plaintiff. Plaintiff always strived to have an impeccable credit rating, by taking steps such as never opening any credit card accounts so she would never get into unnecessary debt, and always making timely car and mortgage payments. When the Sheriff contacted Plaintiff's employer stating that Plaintiff owes a debt and there is a Judgment against her, Plaintiff was defamed. This was a very embarrassing situation to Plaintiff. Further, a Judgment is a derogatory public record, and the Judgment obtained by W&A in a manner violative of the FDCPA is derogatory to Plaintiffs otherwise impeccable public record and credit rating.

**INFLICTION OF EMOTIONAL DISTRESS**

The egregious conduct of Defendants in its violative collection activities caused Plaintiff to suffer severe emotional distress. Defendant maliciously obtained a Judgment and garnished Plaintiffs wages when they were in fact required to refrain from collection purposes and verify that this was a valid, existent debt after Plaintiff disputed the debt. Defendants were rude to Plaitniff on the phone. Defendants would not accept payment in full but rather continued the garnishment so they could charge Plaintiff interest. The collection of the non-existent debt caused Plaintiff to suffer financial hardships, which further aggravated her emotional distress. Plaintiff's claim for infliction of emotional distress is properly plead and plaintiff is entitled to relief therefore.

13

**EVEN IF THE COMPLAINT COULD BE IMPROVED, DISMISSAL IS NOT THE APPROPRIATE REMEDY**

Alternatively, if the Court determines that improvements should be made to the Complaint dismissal is not appropriate.  As seen in the Memorandum of Law "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." <u>Conley</u> , 355 U.S. at 45-46, 78 S.Ct. at 101-102. The Eleventh Circuit's "strict adherence to this rule has led [it] to hold that a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted." <u>Friedlander</u>, 755 F.2d at 813; <u>Dussouy v. Gulf Coast Investment Corp.</u>, 660 F.2d 594, 597-99 (5th Cir. 1981).  See <u>Guam Investment Company v. Central Building, Inc.</u>, 288 F.2d 19, 24 (9th Cir.)   It would not be in the interest of justice to permit defendants to keep the windfall of their misconduct before granting plaintiffs an opportunity to correct any supposed technical shortcomings found in the Complaint.

**CONCLUSION**

Plaintiff properly pled factual allegations and legal claims in her Complaint against Defendants W&A and Centurion for their repeated violations of the FDCPA. Defendants' Motion to Dismiss must be denied.

**WHEREFORE**, Plaintiff respectfully prays that Defendants' Rule 12b(6) Motion to

Dismiss should be denied and Plaintiff be awarded costs and attorney's fees in opposing

Defendants' frivolous motion.


DATED: April 15 2008
Spring Valley, New York

_____/s/_____
Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY   10977
(845) 425-2510

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x
JUDITH COLBY,

      Plaintiff,

                                  Case No. 08-cv-0358 (CB)

vs.

WOLPOFF & ABRAMSON, LLC
CENTURION CAPITAL CORP.
and JOHN DOE 1-10, XYZ, INC 1-10,
ten names being fictitious and
unknown to the plaintiffs, the person
or parties intended being the persons
or parties, if any,

      Defendants.
-------------------------------------------x

## CERTIFICATE OF SERVICE

I, Shmuel Klein, an attorney admitted to practice before this Court affirm under the penalties of perjury that I am not a party to this action and I am over the age of 18 years old.  I have has offices at 268 Route 59, Spring Valley, NY and I served the within Affirmation in Opposition to Motion to Dismiss and Memorandum of Law thereto on the 16th day of April, 2008 by depositing a true copy thereof in an post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, to:

Jay A. Wechsler
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannet Drive
White Plains, New York 10604

                            _____/s/_____
                              Shmuel Klein

SUPREME COURT OF THE COUNTY OF ORANGE
STATE OF NEW YORK                          File date

CENTURION CAPITAL CORPORATION
ASSIGNEE OF FCNB/NEWPORT NEWS
700 KING FARM BLVD
SUITE 503
ROCKVILLE MD 20850

PLAINTIFF

-against-                                              COMPLAINT

JUDITH COLBY
15 VANDERVOORT ST
FLORIDA, NY 10921-1117
                          DEFENDANT(S)

The Plaintiff for a complaint against defendant alleges upon information and belief:

1.      That at all times relevant to this action, the plaintiff was and still is a Foreign Corporation, having an office and place for the regular transaction of business at the address set forth above.

2.      Upon information and belief, at the time of the commencement of this action the defendant resided at the address in the caption of this action in the County of ORANGE and State of New York.

3.      That the defendant entered into a Credit Card Agreement, account number 6218781000305762 with FCNB/NEWPORT NEWS wherein credit was extended to the Defendant and Defendant agreed to repay any monies advanced.

4.      During the past six years, pursuant to said agreement, defendant(s) or persons authorized by the defendant(s) incurred indebtedness through the use of one or more credit cards issued in the name of defendant(s) under said agreement.

5.      Plaintiff has purchased said account for value and is now the owner thereof.

6.      That defendant has defaulted in defendant's obligation under said Credit Card Agreement and there is now justly due and owing to the plaintiff from the defendant as a result of said default the sum of $1,788.39 with interest from December 9, 2005, together with the costs of this action.

7.      That prior to the commencement of this action Plaintiff on numerous occasions rendered statements of said claim to the defendant(s) which the defendant(s) accepted and retained without objection.

        WHEREFORE, Plaintiff demands judgment against the defendant(s) for the sum of $1,788.39 with interest from December 9, 2005 together with the costs and disbursements of this action.

Dated: June 7, 2006

                        Wolpoff & Abramson, LLP

                        Allen B. Friedman, Esq./Patricia A. Elrir, Esq.
                        Christe L. Muratore, Esq./Marc J. Reed, Esq. /Sandra H. Chung, Esq.
                        Attorneys for Plaintiff
                        200 Canal View Blvd, 3rd Floor
                        Rochester, NY 14623 (866) 241-1468

W&A: 162621736

VERIFICATION

STATE OF MARYLAND                              )
COUNTY OF MONTGOMERY                           )  SS.:

Kelly Byrnes, being duly sworn, deposes and says:

I am the ASSISTANT VICE PRESIDENT of the plaintiff herein, CENTURION CAPITAL CORPORATION, I have read the foregoing complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein states to be alleged upon information and belief and as to those matters I believe it to be true. The books and records maintained by plaintiff are the source of deponent's information and belief.

Sworn to before me this

7th day of June 2006.

_____
Notary Public

Tu-Anh Ha
Notary Public-Maryland
Montgomery County
My Comm. Exp. Sept. 30, 2009