UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JUDITH COLBY ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No.: |
| vs. ) | 08-CV-0358 (CB) |
| ) | |
| WOLPOFF & ABRAMSON, L.L.P. ) | **REPLY MEMORANDUM OF** |
| CENTURION CAPITAL CORPORATION ) | **LAW IN SUPPORT OF** |
| and JOHN DOE 1-10, XYZ, INC 1-10, ) | **DEFENDANTS' MOTION TO** |
| ten names being fictitious and unknown to the ) | **DISMISS** |
| Plaintiffs, the person or parties intended being the | |
| persons or parties, if any | |
| Defendants | |

---

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

I.  IN RULING ON A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, THE COURT MAY NOT CONSIDER THE AFFIRMATIONS SUBMITTED BY PLAINTIFF AND HER COUNSEL

With exceptions not relevant here, "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint. . . ." Hayden v. County of Nassau, 180 F.3d 42, 54 (2nd Cir. 1999).[1]  Here, Plaintiff, through affirmations executed by both herself and her attorney, as well as additional facts alleged in her brief, is attempting to have the Court consider facts and legal theories outside of the four corners of the complaint.  The court cannot do so, and the affirmations, and references to "facts" not in the complaint should not be considered in ruling on this motion. O'Brien v. National Property Analysts Partners, 719 F.Supp. 222, 229 (S.D.N.Y.

---

[1] "If a judge looks to additional materials, the motion should be converted into a motion for summary judgment." Id.; F.R.C.P., Rule 12(d).

1

1968992.1

1989) ("It is axiomatic that the complaint cannot be amended by the briefs in opposition to a motion to dismiss.")

II. THE FACTUAL ALLEGATIONS OF PLAINTIFF'S COMPLAINT SIMPLY DO NOT SET OUT A CAUSE OF ACTION AGAINST CENTURION CAPITAL CORPORATION

As noted in Defendants' Motion to Dismiss, not once in Plaintiff's Complaint's Factual Allegations section is *any* reference made to any act or failure to act by Centurion. Rather, the only references to Centurion are legal conclusions made in the recitation of Plaintiff's claims. *See, e.g.*, Plaintiff's Complaint ("Complaint"), ¶35 ("Defendants Centurion and Wolpoff & Abramson violated 15 U.S.C. 1692e(2) by misrepresenting the character, status and amount that Plaintiff was alleged to owe, as Plaintiff did not owe any debt.")

The Supreme Court recently reiterated that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as factual allegation." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007), *quoting* Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds on which the claim rests.'" Twombly, at 1965, fn. 3. All references to Centurion in Plaintiff's complaint are just such "legal conclusions" and "blanket assertions," and Defendants' Motion to Dismiss should be granted as to Centurion.[2]

---

[2] Plaintiff's attempt to thwart this result, through allegations of an agency relationship between Centurion and Wolpoff & Abramson in Counsel's Affirmation and in Plaintiff's opposition, should not be countenanced, as this material is not properly before the Court. To the extent Plaintiff is arguing that she

2

1968992.1

III. MOST OF PLAINTIFF'S ALLEGED FDCPA VIOLATIONS ARE BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS CONTAINED IN 15 U.S.C. §1692k(d).

15 U.S.C. §1692k(d) provides in relevant part that: "[a]n action to enforce liability created by this subchapter . . . may be brought . . . within one year from the date on which the violation occurs." This Court, in Siegel v. Foster and Garbus, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999), has specifically rejected the proposition that each violation restarts the one year period for bringing suit under the FDCPA. Therefore, the statute of limitations for each of the violations alleged in Plaintiff's complaint must be measured from the first alleged violation of the specific section of the FDCPA.

    a.    15 U.S.C. §1692d(5) & §1692e(10)

Section 1692d(5) prohibits a debt collector from repeatedly or continuously engaging a person in telephone conversations with the intent to annoy, abuse or harass, while section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Here, Plaintiff alleges that Wolpoff & Abramson ("W&A") began calling her in January 2006, repeatedly requested her social security number (Complaint, ¶¶11-14), and continued to call until some unspecified later time (Complaint,¶¶20 & 33). The complained-of violations began in January 2006, and Plaintiff's suit filed on December 19, 2008 – almost two years later – is barred by the statute of limitations. These claims should be dismissed.

---

can amend her pleading to cure this defect, amendment should not be permitted, when it is futile. Kropelnicki v. Siegel, 290 F.3d 118, 130 (2nd Cir. 2002); Schuh v. Druckman& Sinel, L.L.P. 2008 WL 5422504, * 12 (S.D.N.Y. 2008). F.R.C.P. Rule 15(a)(2);. This is the situation in this matter, as set forth below.

3

1968992.1

### b. 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), 1692e(10), & 1692f(1)

Plaintiff's complaint, paragraphs 34 though 40, alleges violations of the above subsections, without specific reference to the factual allegations purportedly supporting these claims. However, each of the alleged violations has at its core an alleged misrepresentation of Plaintiff's debt to Plaintiff or to the state court.

Plaintiff acknowledges that she *first* learned of the specifics of the claimed debt when she was served with the lawsuit and then discussed the alleged debt with W&A in August 2006. (Complaint, ¶15.) Plaintiff's complaint alleges that W&A's representations were false, as she did not owe any debt. (*See, e.g.,* Complaint, ¶35.) Similarly, the alleged misrepresentations to the Supreme Court of Orange County also occurred no later than August 2006, with the filing of the complaint. The complained-of default judgment was obtained on December 15, 2006. Both the service of the lawsuit and the entry of the default judgment occurred over one year prior to Plaintiff's filing of her suit; her claims based on these actions are time barred. *See,* Siegel, 48 F. Supp. 2d at 395.

Contrary to Plaintiff's argument, the statute of limitations did not begin anew in May 2007, when Plaintiff alleges she learned of the default. On similar facts, this very Court has found that the statute of limitations begins to run when the state action is filed (here no later than August 2006). Calka v. Kucker, Kraus & Bruh, LLP, 1998 WL 437151, *3 (S.D.N.Y. 1998). In Calka, Plaintiff had knowledge of the original suit allegedly containing misrepresentations more than one year before filing her FDCPA suit (as Plaintiff did here), but argued (as Plaintiff does here), that the prosecution of the state suit and all of the proceedings therein, amounted to a continuing violation. Id. This Court, however, found no legal support for her argument, and held that Plaintiff was "on notice

of the misrepresentation and unconscionable debt collection means when the State Action was filed, and it was at that time that the violation accrued." Id.³

### IV. TO THE EXTENT PLAINTIFF'S COMPLAINT SEEKS TO INVALIDATE THE STATE COURT'S JUDGMENT, UNDER THE ROOKER-FELDMAN DOCTRINE THIS COURT LACKS JURISDICTION TO ADDRESS THOSE CLAIMS

As the United States Supreme Court made clear in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 162 L.Ed.2d 454 (2005), under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over suits "brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court rejection of those judgments."

From this holding, New York federal courts have formulated four requirements to the application of Rooker-Feldman:

> First, the federal court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceeding... The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive.

---

³ Plaintiff's reliance on Kelly v. Wolpoff & Abramson, 2007 WL 2381536 (D. Colo. 2007) is misplaced. That case holds that the statute of limitations runs when the consumer knows or has reason to know of the debt collector's alleged fraud. Id. at *3. Here, Plaintiff's complaint alleges that she knew of the misrepresentations (i.e. that she owed at debt) no later than August 2006. The fact that this alleged misrepresentation was later repeated in subsequent court filings does not serve to extend the statute of limitations. Culka, supra at *3. To the extent that Plaintiff argues that Defendants failed to advise the Court that she disputed the debt, Defendants respectfully point out that nowhere in the Complaint does Plaintiff allege that she disputed the debt prior to May 2007, at which time the representations had already been made. (Complaint at ¶19.)

5

1968992.1

Hoblock v. Albany County Board of Elections, 422 F.3d 77, 85 (2nd Cir. 2005) (internal punctuation omitted). Application of these requirements to Plaintiff's Complaint demonstrates that most of her FDCPA claims are barred by Rooker-Feldman.

First, the procedural requirements (one and four, above) are met. Plaintiff lost in the state court action, where a default judgment was entered against her by the Supreme Court of the County of Orange on December 15, 2006. (*See* Exhibit 2 to Defendants' Motion.) This proceeded the filing of this action be more than one year.

Second, Plaintiff's complaint invites this Court's review and rejection of the actual state court judgment, as well as its legal consequences (requirement three, above.) Plaintiff's prayers for relief specifically seek "that the judgment obtained by Defendant [sic] against Plaintiff in the Supreme Court of Orange County be vacated immediately" and further seek "injunctive relief to prevent Defendants from collecting on the County Court Judgment against Plaintiff." These are obvious request for this Court to review and reject the state court judgment – exactly what Rooker-Feldman prohibits. Trakansook v. Astoria Federal Savings and Loan Association, 2007 WL 1160433, *5 (E.D.N.Y. 2007) (where the complaint asks the district court to vacate a judgment of foreclosure, "it is plain that [plaintiff] is inviting this court to 'reject' the [state court's] order.")

A further examination of Plaintiff's FDCPA allegations reinforces that what she impermissibly seeks is this Court's rejection of the state court judgment. For example, paragraphs 34 through 39 of Plaintiff's complaint all contain allegations of either fraud, misrepresentation, or illegal attempts to collect a debt. Each of these claims is based on Plaintiff's allegation that she did not owe this debt. However, the state court action found just the opposite – that the debt was valid and owing. For this Court to find Defendants

liable, it would have to reject that judgment. In <u>Bullock v. Credit Bureau of Greater Indianapolis, Inc.</u>, 272 F.Supp.2d 780, 783 (S.D. Ind. 2003), as here, plaintiffs alleged that defendants violated the FDCPA "'by attempting to collect amounts from Plaintiffs not legally due.'. . . The problem is that plaintiffs' theory is that [defendant] violated the federal law by seeking exactly what the state court awarded. In other words, the state court determined that the amounts sought were in fact legally due. The state court might have been right and it might have been wrong under Indiana law. But this court could not rule in plaintiffs' favor without holding that the state court erred." Here, too, this Court cannot grant Plaintiff relief on her FDCPA claims,[4] without finding that the state court judgment was wrongly entered. "Again that is what the Rooker-Feldman Doctrine forbids." <u>Id</u>.

The cases cited by Plaintiff in her opposition are all distinguishable from the instant case on this very ground – Rooker-Feldman has only been held inapplicable to FDCPA claims where the plaintiff has not challenged the validity of the underlying state court judgment.[5] Here, Plaintiff's claims only have merit if the state court judgment is found invalid.

Third, Plaintiff Colby complains of injuries caused by the state court judgment. <i>See, e.g.,</i> Complaint ¶ 29 ("[t]he Judgment . . . is causing Plaintiff defamation and embarrassment"), Complaint ¶30 ("[t]his Judgment has harmed Plaintiff's credit. . ."),

---

[4] Only Plaintiff's claimed violation of 15 U.S.C. 1692d(5) (Plaintiff's Complaint, ¶ 33) for allegedly harassing phone calls does not implicate the validity of the state court judgment. However, as shown above, that claim is barred by the applicable statute of limitations.

[5] <u>McCammon v. Bibler, Newman & Reynolds, P.A.</u>, 493 F. Supp.2d 1166, 1171 (D. Kan. 2007); <u>Anderson v. Gamache & Myers, P.C.</u>, 2007 WL 1577610, *6 (E.D. Mo. 2007); <u>Todd v. Weltman, Weinberg & Reis Co., L.P.A.</u>, 434 F. 3d 432, 437 (6th Cir. 2006) ("Plaintiff here does not complain of injuries caused by the state court judgment."); <u>Foster v. D.B.S. Collection Agency</u>, 463 F.Supp.2d 783, 798 (S.D. Ohio 2006); <u>Senftle v. Landau</u>, 390 F.Supp.2d 463, 469 (D. Md. 2005), <u>Wyles v. Excalibur I, LLC</u>, 2006 WL 2583200, *2 (D. Minn. 2006).

7

1968992.1

Complaint ¶31 ("the Default Judgment. . . caused severe distress. . .") and Complaint ¶28 (complaining of monetary damages caused by the garnishment of Plaintiff's wages).

To the extent Plaintiff alleges injuries caused by Defendants' actions, "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." Hoblock, 422 F.3d at 88. This Court has applied this rule to find that where plaintiffs complained of defendants' fraudulent actions in obtaining a foreclosure judgment and the resulting monies they had to pay to redeem their property, Rooker-Feldman barred such claims, because "these events occurred as a result of the judgment of foreclosure." Schuh v. Druckman & Sinel, L.L.P., 2008 WL 542504, *6-*7 (S.D.N.Y. 2008) (noting that although some of the fraudulent conduct was alleged to have occurred before the judgment was issued, the plaintiffs were injured *because of the judgment*); *see also* Trakansook, 2007 WL 1160433, *5.

Finally Plaintiff's claim that the judgment in this instance was procured by Defendants' fraudulent acts does not remove the claim from the ambit of the Rooker-Feldman doctrine. Even a wrongfully procured judgment is "'an effective and conclusive adjudication until modified or reversed in the appropriate State appellate or collateral proceeding.'" In re Handler, 324 B.R. 194, 198 (Bankr. E.D.N.Y. 2005), *quoting* Smith v. Weinberger, 994 F.Supp.418, 424 (E.D.N.Y. 1998.) Applying Rooker-Feldman to bar Plaintiff's claims before this Court does not deny her a remedy, as under New York law, a party may at any time seek relief from a judgment obtained by fraud, misrepresentation or other misconduct of an adverse party in the same court in which the judgment was

8

rendered. C.P.L.R., Rule 5015(a)(4). "[T]he appropriate forum for an attack on the . . . judgment is in State Court." Smith, at 423.

### V. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER 15 U.S.C. §1692e(8)

Under this claim, Plaintiff seeks to hold W&A liable for failing to report to the Court, in its original complaint and in seeking the default judgment, that Plaintiff disputed the debt. (Complaint, ¶36.)

#### a. The Complaint Fails to Allege That Plaintiff Disputed the Debt Before the Alleged Misrepresentations

Nowhere in her Complaint does Plaintiff allege that she disputed the debt to Defendants at any time prior to May 2007, i.e. at any time prior to Defendants' representations to the court. In fact, by her own admission, Plaintiff did not even speak to anyone at W&A about the debt until after the complaint was filed. (Complaint ¶15.) The only hint in the complaint that the debt was disputed occurs after Plaintiff learned that her wages were being garnished in May 2007. (Complaint, ¶19.) It is axiomatic that Defendants could not fail to disclose something to the court that they were not aware of, and for this reason alone, the claim should be dismissed.

#### b. 15 U.S.C. § 1692e(8) is not Applicable to the Facts in this Case

Plaintiff does not dispute in her opposition that 15 U.S.C. § 1692e(8) is aimed at debt collectors who furnish false information to credit reporting agencies, not to attorneys advocating to a court on their client's behalf. See Brady v. Credit Recovery Company, Inc., 164 F.3d 64, 65 (1st Cir. 1998). Specifically, "§ 1692e(8) merely requires a debt collector who knows or should know that a given debt is disputed to disclose its disputed

9

1968992.1

status *to persons inquiring about a consumer's credit history.*" Id. (emphasis added); Castro v. ARS National Services, Inc., 2000 W.L. 264310, *3 (S.D.N.Y. 2000); Ong v. American Collections Enterprise, Inc., 1999 WL 51816, *3 (E.D.N.Y. 1999). A court, entering a default judgment, is not a person enquiring about a consumer's credit history, and this section did not obligate Defendants to advise the court if there was a dispute.

Assuming *arguendo*, that Plaintiff had orally disputed her debt after the complaint was filed, nothing in this limited section requires a debt collector to cease collection activities, or an attorney to cease acting on his clients' behalf. "Oral debt-disputers are . . . not entitled to a halt in debt collection activities, [but] are entitled to relief from the presumptive validity of the debt." Ong, at *3. Here, even if Plaintiff had orally disputed the debt, Defendants had every right to seek a default judgment. A default judgment was entered and Plaintiff's debt was found to be valid not because of a presumption of validity on the part of the state court,[6] but rather, because Plaintiff failed to answer the complaint. To argue that at a default hearing, Defendants should have advised the state court that the debt was disputed, would be to ask Defendants' attorney to argue against the entry of default. It would give a consumer the power to halt court proceedings merely by orally disputing a debt to a debt collector, without requiring the debtor to comply with legal process. Such an absurd result should not be read into this statute.

VI.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER 15 U.S.C. §1692g(b) AS SHE FAILS TO ALLEGE THAT SHE COMPLIED WITH THE WRITTEN DISPUTE REQUIREMENTS OF THIS SECTION

The statutory language of 15 U.S.C.1692g(b) and the cases interpreting it are clear: "If the consumer notifies the debt collector *in writing* within the thirty-day period

---

[6] In fact, under 15 U.S.C. 1692g(c), the failure to dispute a debt cannot be deemed an admission of liability.

10

1968992.1

described in subsection (a) of this section that the debt. . . is disputed, . . . the debt collector shall cease collection of the debt. . . until the debt collector obtains verification of the debt. . . ." Again, Plaintiff has failed to allege that she provided written notice as required under the statute, and Defendants respectfully suggest that that she cannot in good faith do so.

While some courts have recognized that certain sections of 15 U.S.C. 1692 (specifically subsections e(8) and g(a)(3)) do not require written debt dispute notice by the consumer, Plaintiff has cited to no case, and Defendants are not aware of any, that have held that a consumer is entitled to have collections actions cease against them by merely orally disputing a debt. Rather, courts finding these exceptions,[7] have specifically noted that to avail herself of the protections of 15 U.S.C. §1692g(b), a consumer must dispute the debt in writing. Ong, at *3 ("[O]ral debt disputers are not entitled to receive verification of the debt by mail - and not entitled to a halt in debt collection activities.")

"Section 1692g(b) thus confers on consumers the ultimate power vis-a-vis debt collectors: the power to demand the cessation of all collection activities. Recognizing the broad consumer power granted by this provision, Congress *expressly conditioned its exercise on the submission of written notification within a limited thirty-day window*." Brady, 164 F.3d at 66 (internal citations omitted and emphasis added.)

Here, Plaintiff has failed to allege that she complied with the requirements of 15 U.S.C. §1692g(b), [8] and her claims thereunder must fail. [9]

---

[7] Interestingly, this Court held that 15 U.S.C. §1692g(a)(3) *does* contain a writing requirement in Castro v. ARS National Services, Inc., 2000 WL 264310, *3 (S.D.N.Y. 2000), a case omitted by Plaintiff in her briefing of this issue.

[8] Plaintiff's argument that W&A did not provide the notice required under 15 U.S.C. §1692g(a) is not properly before this Court, as Plaintiff failed to so allege in her Complaint, and Defendants respectfully suggest she could not in good faith do so.

VII.    CONCLUSION

For the reasons stated herein, and in Defendants' previously filed Memorandum of Law, Plaintiff has failed to set forth a cause of action under the Fair Debt Collection Practices Act. Defendants respectfully request that this Court grant the motion to dismiss Count I and decline to exercise pendent jurisdiction over Plaintiff's state law claims.

Yours, etc.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Thomas A. Leghorn
Jay A. Wechsler
Attorneys for Defendants
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000
File No. 06666.00012

TO:

Shmuel Klein, Esq.
Attorney for Plaintiff
JUDITH COLBY
Law Office of Shmuel Klein, PC
268 Route 59
Spring Valley, New York 10977
(845) 425-2510

---

[9] Plaintiff has not addressed Defendants' arguments that her complaint fails to set forth a claim under 15 U.S.C. § 1692f(5). That subsection (addressing cellular and collect communications charges) clearly does not apply to the consequential damages a judgment debtor incurs from a garnishment, as pled in Plaintiff's Complaint, and her claim thereunder should be dismissed.

12

1968992.1

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

  Lina Paone, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in Westchester County;

  That on the 28th day of April, 2008, deponent served the within document(s) entitled DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS upon:

> Shmuel Klein, Esq.
> Law Office of Shmuel Klein, PC
> 268 Route 59
> Spring Valley, New York 10977

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

            _____
            Lina Paone

Sworn to before me this
28th day of April, 2008

_____
Notary Public

MARILYN HARRIOTT
Notary Public, State of New York
No. 01HA4829913
Qualified in Westchester County
Commission Expires Dec. 30, 2009

1969076.1